UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| KEVIN LOUIS SCHRIENER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 4:12CV1193 CDP |
| ) | |
| QUICKEN LOANS, INC., ) | |
| ) | |
| Defendant. ) | |

# MEMORANDUM AND ORDER

Plaintiff Kevin Louis Schriener brought this class action against defendant Quicken Loans, Inc. Schriener alleges that Quicken engaged in the unauthorized practice of law when it charged him for the preparation of loan documents. Quicken moves to dismiss all counts of Schriener's petition, which alleges unauthorized practice of law, violation of the Missouri Merchandising Practices Act (MMPA), and unjust enrichment. Because Schriener has not sufficiently pled factual allegations to give Quicken fair notice of the grounds for his claims, I will grant the motion to dismiss.

## Background

Schriener entered into an agreement with Quicken in 2011 in order for Schriener to obtain a residential mortgage loan for a residential property. A U.S. Department of Housing and Urban Development Settlement Statement (HUD-1) was prepared for the loan transaction. Schriener pleads in the alternative that the

HUD-1 was either written and prepared by Quicken or by a document company, Wolters Kluwer Financial Services, Inc.[1]  Schriener was charged for the services Quicken performed in connection with the loan.  Included in these charges were $575.00 for an "origination charge," and $1705.63 for an "adjusted origination charge."  Schriener claims that these charges were for the drafting or preparation of the HUD-1.

On May 11, 2012, Schriener filed this class action petition in the Circuit Court of St. Louis County, Missouri, alleging that in preparing and charging for the preparation of the HUD-1, Quicken had engaged in the unauthorized practice of law, violated the MMPA, and been unjustly enriched.  Quicken removed the case to this court on July 3, 2012 and on July 23, 2012, filed a motion to dismiss.

## Discussion

A defendant may move to dismiss a claim "for failure to state a claim upon which relief can be granted" under Federal Rule of Civil Procedure 12(b)(6).  The purpose of a motion to dismiss under Rule 12(b)(6) is to test the legal sufficiency of the complaint.  When considering a 12(b)(6) motion, the factual allegations of a complaint are assumed true and are construed in favor of the plaintiff.  *Neitzke v. Williams*, 490 U.S. 319, 326 (1989).  To avoid dismissal for failure to state a claim, the complaint must contain "a short and plain statement of the claim showing that the

---

[1]Wolters Kluwer was originally named as a defendant, but voluntarily dismissed by plaintiff.

pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Although "specific facts are not necessary," the plaintiff must allege facts sufficient to "give fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). A plaintiff's obligation to provide the "grounds" of his "entitlement to relief" requires more than labels and conclusions. *Twombly*, 550 U.S. at 545.

Schriener has not pled sufficient facts to survive Quicken's motion to dismiss. Schriener's petition contains counts for the unauthorized practice of law, violation of the MMPA, and unjust enrichment. Missouri statute defines the "law business" as:

> [T]he advising or counseling for a valuable consideration of any person, firm, association, or corporation as to any secular law or the drawing or the procuring of or assisting in the drawing for a valuable consideration of any paper, document or instrument affecting or relating to secular rights . . .

Mo. Rev. Stat. § 484.010.2; *see also Hargis v. JLB Corp.*, 357 S.W.3d 574, 578 (Mo. 2011). The Missouri Supreme Court has held that promissory notes and deeds of trust are legal documents, and that it constitutes the unauthorized practice of law to have non-attorneys prepare such documents for a fee. *Hargis*, 357 S.W.3d at 579 (citing *Eisel v. Midwest BankCentre*, 230 S.W.3d 335, 339 (Mo. 2007)).

The only facts cited in Schriener's petition are that he entered into an agreement with Quicken, that Quicken charged him for services rendered, and that those charges included an "origination charge" and "adjusted origination charge." However, his petition fails to connect these fees with the document preparation, as required to prove the unauthorized practice of law. The rest of Schriener's allegations are made "upon information and belief," with no further factual support. The claims are thus too speculative to survive this motion. *Erickson*, 551 U.S. at 93; *U.S. Bank Nat'l Assoc. v. Parker*, No. 4:09CV1755 HEA, 2010 WL 2735661 at *3-4 (E.D. Mo. July 9, 2010) (holding that information and belief alone is too speculative to give defendant sufficient notice of the basis for the claim). For example, paragraph 55 of the petition states,

> Upon information and belief, for the deed of trust and/or note, [Quicken] charged Plaintiff a separate fee or increased its customary charges for helping fill in the blanks, gave advice as to the legal effect of the documents, paid persons, not Missouri-licensed attorneys, or the documents were not drawn by a Missouri-licensed attorney.

Not only does this claim fail to include specific facts as to Quicken's alleged acts, but it cannot even pinpoint the *type* of act being alleged.

Schriener's claim for violation of the Merchandising Practices Act is predicated on the unauthorized practice of law claim, and thus also fails for the reasons stated above. Schriener also fails to state a claim for unjust enrichment. It

is true that the elements of an unjust enrichment claim are "entirely different" than those of an unauthorized practice of law claim, and thus it "does not stand or fall on whether [plaintiff] also has a claim for the unauthorized practice of law." *Hargis*, 357 S.W.3d at 586.  However, Schriener has does nothing more than plead a "formulaic recitation" of the elements of this claim.  *See, e.g.*, Docket No. 8 at 13 ("The acceptance and retention of the benefit occurred under circumstances that would render retention of the benefit inequitable."); *see Twombley*, 550 U.S. at 545.

Schriener also requested leave to amend should I find his petition deficient. Under Rule 15 of the Federal Rules of Civil Procedure, a district court should grant leave to amend freely "when justice so requires," and a motion to amend should only be denied for limited reasons, including plaintiff's undue delay or bad faith in bringing the motion, unfair prejudice to defendant, or futility of the amendment. *Foman v. Davis*, 371 U.S. 178, 182 (1962); *Amrine v. Brooks*, 522 F.3d 823, 833 (8th Cir. 2008).  Whether to grant a motion for leave to amend is within the discretion of the district court.  *Popoalii v. Corr. Med. Servs.*, 512 F.3d 488, 497 (8th Cir. 2008).  Schriener has not indicated how amendment would cure the defects cited above, nor is there any other indication that amendment would do so;

I therefore deny Schriener's request because amendment would be futile. Accordingly,

**IT IS HEREBY ORDERED** that defendant's motion to dismiss [#19] is granted.

_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 14th day of December, 2012.