UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| KEVIN LOUIS SCHRIENER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 4:12CV1193 CDP |
| ) | |
| QUICKEN LOANS, INC., ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM AND ORDER

Plaintiff Kevin Louis Schriener brought this class action against defendant Quicken Loans, Inc., alleging that Quicken engaged in the unauthorized practice of law in its preparation of his loan documents.  I previously granted Quicken's motion to dismiss, with prejudice.  Schriener now moves under Federal Rule of Civil Procedure 59(e) to alter or amend that judgment.  He asks for leave to file an amended complaint, or in the alternative, that the dismissal be made without prejudice.

"A district court has broad discretion in determining whether to grant or deny a motion to alter or amend judgment pursuant to Rule 59(e)." *U.S. ex rel. Raynor v. Nat'l Rural Utils. Coop. Fin. Corp.*, 690 F.3d 951, 958 (8th Cir. 2012) (quoting *United States v. Metro. St. Louis Sewer Dist.*, 440 F.3d 930, 933 (8th Cir. 2006)).  "Although a pretrial motion for leave to amend one's complaint is to be

liberally granted, different considerations apply to motions filed after dismissal." *Hawks v. J.P. Morgan Chase Bank*, 591 F.3d 1043, 1050 (8th Cir. 2010) (quoting *Dorn v. State Bank of Stella*, 767 F.2d 442, 443 (8th Cir. 1985)).  After a complaint has been dismissed, "the right to amend under Federal Rules of Civil Procedure 15(a) terminates."  *Dorn*, 767 F.2d at 443.  It is within the court's discretion to refuse to allow amendment of pleadings because of a failure to explain a delay in seeking to leave to amend, *Humphreys v. Roche Biomedical Lab., Inc.*, 990 F.2d 1078, 1882 (8th Cir. 1993), or if the amendment would be futile.  *Niagara of Wis. Paper Corp. v. Paper Indus. Union-Mgmt. Pension Fund*, 800 F.2d 742, 749 (8th Cir. 1986).

Quicken filed its motion to dismiss on July 23, 2012, and I granted the motion on December 14, 2012.  Schriener was thus on notice for some time that the sufficiency of his pleadings was being attacked.  While Schriener had made a request for leave to amend in his memorandum in opposition to Quicken's motion to dismiss, this is not the same as filing a motion to amend.  *Process Controls Int'l, Inc. v. Emerson Process Mgmt.*, No. 4:10CV645 CDP, 2011 WL 6091722, at *4 (E.D. Mo. Dec. 7, 2011) (citing *Begala v. PNC Bank, Ohio, Nat'l Ass'n,* 214 F.3d 776, 784 (6th Cir. 2000) ("Plaintiffs [are] not entitled to an advisory opinion from the Court informing them of the deficiencies of the complaint and then an opportunity to cure those deficiencies")).  Schriener also failed to attach a proposed

amendment at that time.  *See Popoalii v. Corr. Med. Servs.*, 512 F.3d 488, 497 (8th Cir. 2008) (holding that granting leave to amend a complaint where the plaintiff has not submitted a proposed amendment is inappropriate).

Schriener provides no reason for his delay in filing a motion to amend except that "he believed his initial pleading was sufficient and . . . was not aware that the Court believed he had "not sufficiently pled factual allegations."  Docket No. 43 at 3.  This is not a valid reason for delaying the motion to amend until after judgment.  *See Krupp v. Stubblefield*, No. 4:07CV1862 TIA, 2008 WL 163565, at *1 (E.D. Mo. Jan. 16, 2008); *In Re Gen. Motors Corp. Anti-Lock Brake Prods. Liab. Litig.*, 147 F.R.D. 444, 446-47 (E.D. Mo. 1997).  Additionally, Schriener has not indicated that any facts pled in his proposed amended complaint were unavailable to him at any time before judgment was issued.  *See Auto-Owners Ins. Co. v. Mid-America Piping, Inc.*, No. 4:07CV394, 2008 WL 2277594, at *2 (E.D. Mo. May 29, 2008).  Schriener has therefore not provided sufficient grounds to justify the relief he seeks.

In addition to the untimeliness of Schriener's motion, the futility of the amendment would also warrant its denial.  *See Humprhreys*, 990 F.2d at 1082.  As in his original complaint, Schriener's proposed amended complaint fails to allege that Quicken charged a separate document fee for preparation of his deed of trust.  Missouri law requires that to constitute the unauthorized practice of law, non-

attorneys must draw or procure documents *for a valuable consideration*. *Hargis v. JLB Corp.*, 357 S.W.3d 574, 578-79 (Mo. 2011). Schriener cites *Hargis* for the proposition that "a broker who buys legal documents from a third party is liable for procuring legal documents and doing law business even without charging a 'document fee.'" Docket No. 43 at 4. This is incorrect. The Court in *Hargis* repeatedly notes the importance of charging or varying fees as an element of the unauthorized practice of law. *Hargis*, 357 S.W.3d at 578-79. Even in the passage cited by Schriener, the Court emphasizes that the broker must receive consideration for the drawing of the documents. *Id.* at 584 (". . . as this record shows, however, the third parties did not act as agents of JLB and JLB *received no consideration* for the drawing of the note and deed of trust.") (emphasis added). The proposed amendments would therefore not cure the deficiencies in Schriener's claim for the unauthorized practice of law. Additionally, as Schriener's claim for violation of the Missouri Merchandising Practices claim is completely predicated on the unauthorized practice claim, it must also fail.

Finally, while generally an unjust enrichment claim does not rely on "whether [plaintiff] also has a claim for the unauthorized practice of law," *Hargis*, 357 S.W.3d at 586, Schriener's unjust enrichment claim does so rely. To recover for unjust enrichment, a plaintiff must show that: (1) plaintiff conferred a benefit on the defendant; (2) the defendant appreciated the benefit; and (3) the defendant

accepted and retained the benefit under inequitable and/or unjust circumstances. *Id.* at 586 (quoting *Howard v. Turnbull*, 315 S.W.3d 431, 436 (Mo. Ct. App. 2010)).  The inequitable circumstances alleged in Schriener's unjust enrichment claim are that Quicken benefited from a loan transaction in which the underlying documents were created without the involvement of a Missouri-licensed attorney. Proposed Amended Compl. ¶ 60, Docket No. 41-1 at 10-11.  This claim therefore depends on Schriener's having directly paid a fee for the preparation of said documents, *see Hargis v. Access Capital Funding, LLC*, 674 F.3d 783, 790 (8th Cir. 2012), a fact he does not plead.  This claim is inextricably tied to the unauthorized practice claim, and thus still fails as amended.

    Accordingly,

    **IT IS HEREBY ORDERED** that plaintiff's motion to alter judgment [#40] is denied.

                                                                           _____
                                                                        CATHERINE D. PERRY
                                                                        UNITED STATES DISTRICT JUDGE

Dated this 14th day of January, 2013.